## IN RE WALDRON.

*Twelfth Judicial District Court, April,* 1857.

ORDERS OF ARREST—THE NATURE OF ACTION TO BE SET OUT IN WRIT.

The validity and sufficiency of the affidavit on arrest cannot be examined on habeas corpus.

The order of arrest is defective which does not state with sufficient certainty the cause of action, to show that it was a case in which an arrest is allowed by law.

Messrs. Wells, Fargo & Co. instituted an action in the Fourth District Court against Isaac Ferris Waldron, to recover $651, money received by him while acting as clerk in their office, and which sum, it

is alleged, he converted to his own use. An order of arrest was issued, and the defendant taken into custody by the Sheriff. Subsequently another suit was commenced for the same cause of action, the first being discontinued, and a second order of arrest granted. Bail, on each occasion, was fixed at $6,000. Waldron was, however, indicted by the Grand Jury, and held in confinement, as well under the order of arrest in the civil action, as by a bench warrant from the Court of Sessions. A motion was made and argued before Judge Hager, of the Fourth District Court, to vacate the order of arrest, on the ground that as the first was illegal, acknowledged by plaintiffs in discontinuing their first suit, by reason of informality at its reception, no other arrest could be made for the same cause of action. The Court refused to grant the motion, because the defendant was held by the Sheriff on a bench warrant, on a criminal charge. Since then, Waldron has given bail to answer the several indictments found against him, and his counsel had him brought up before Judge Norton, of the Twelfth District Court, to be discharged on habeas corpus, on other grounds, looking towards defects in the order of arrest issued out of the Fourth District Court.

A number of points were discussed as to the illegality of the writ (the ordinary one used in the Clerk's office,) and the manner of its issuance, and administering the oath to the affidavit on arrest.

*George F. James*, for motion.

*Gregory Yale*, opposing.

NORTON J.—" This is an application on habeas corpus to be discharged from arrest. Many of the objections to the arrest in the civil action, are directed against the validity and sufficiency of the affidavit on which the order was granted. But these are matters which cannot be examined on habeas corpus. By one of the provisions of section twenty of the habeas corpus Act, where a party has been committed on a criminal charge, inquiry may be made so far as to ascertain if there was reasonable or probable cause for the commitment; but where it appears from the return to the writ of habeas corpus that the party is held by virtue of process issued in a civil action, the only inquiry can be as to the sufficiency of the process on its face, and the juris-

diction of the officer to issue the process in the case specified. Section fifteen authorizing facts to be alleged showing the imprisonment to be unlawful, is probably intended to apply to other cases than those provided for in section twenty, where the party is held by civil process, and certainly does not authorize a mere review of the errors committed by another judge or court, and perhaps a superior court, in deciding upon the competency or sufficiency of the evidence produced to him in a case of which he had unquestioned jurisdiction. The fact of a prior arrest, sought to be shown in this case, does not reach the jurisdiction of the judge to issue a second order, but is a matter addressed to his judgment or discretion in case the second action appeared to be vexatious. But I think the order in this case is, on its face, defective in substance for not stating the cause of action with sufficient certainty to show that it was a case in which an arrest is allowed by law. That this should be shown, seems to be required as the result of the provisions of the habeas corpus Act, and is according to the settled principles of the common law. Blackstone says, (1 Com. 137,) ' to make imprisonment lawful, the warrant must express the cause of the commitment, in order to be examined into, if necessary, upon a habeas corpus. If there be no cause expressed, the gaoler is not bound to detain the prisoner.' All that appears on the face of this order upon this point, is : that an action has been commenced and that the case is one of those *mentioned* in section seventy-three of the Practice Act. But the Supreme Court have decided, in the case of Prader, that in at least one of the cases mentioned in this section, a party cannot by law be arrested. The order, therefore, may have been issued in a proper case and it may not. This is not sufficient. It should appear that it in fact was issued in a case in which the court or judge had jurisdiction to order an arrest. It is said it should be presumed that the judge issued the order in one of the cases in which he was authorized to issue it. But if any presumption could be resorted to in a case involving the citizen's right to his liberty, it would in this case, to use familiar language, be begging the whole question, for if this were so, any order issued by any officer who had authority to order an arrest in any case would be valid if it simply recited in general terms that it was issued in a case in which the officer was authorized by law to order an arrest. This would

annul the twentieth section of the habeas corpus Act. It is again said the affidavit shows that the case was one which authorized the order, but if we cannot go behind the order and examine the affidavit for the prisoner's benefit, we cannot do the same thing for his prejudice. The order is the only authority which the Sheriff alleges for detaining him.

" The error in this case arose from using a printed form which was prepared before the decision above alluded to, and which, if ever sufficiently definite, is not valid now.

" The prisoner having given bail on the criminal charge, and the order of arrest in the civil action being invalid, he is entitled to his discharge."